## JOHN TENY ET AL *v.* WILLIAM ROBERTS ET AL.

**Fraudulent Conveyances—Parent and Child.**

 A sale of land by a father to his son, for a valuable consideration, paid in full by the son, will not be **held** to be fraudulent as to creditors of the father.

### APPEAL FROM OWEN CIRCUIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

G. C. Roberts, Samuel A. Green, et al, appellants, being creditors of William Roberts, and he being in failing circumstances, obtained judgment and had execution levied on a certain house and lot in Owenton, and became the purchaser and got the sheriff's deed therefor.

Previously, however, William Roberts had conveyed said house

and lot to his son, G. C. Roberts, and son-in-law, S. A. Green, for the recited consideration of $1,450, and they had possession of it.

Teny, etc., brought this suit to recover said house and lot, which G. C. Roberts and S. A. Green resist.

The sole question is as to whether the conveyance by William Roberts to his son and son-in-law was fraudulent or for a valuable consideration.

Family arrangements made by a failing debtor are always regarded with great suspicion by the law and its courts, yet when these are founded on a valuable consideration like such contracts made with other persons, are to be upheld.

It may be more difficult for kindred to show a *bona fide* transaction than other persons, because of this suspicion and jealousy of the law, yet, when it is shown, it must be governed by the same rules.

The evidence establishes that G. C. Roberts and S. A. Green were the securities for the old man in a certain debt for $1,450, and that they agreed to and did pay said debt as the consideration for this conveyance, and that Green had rented out the house and collected the rents since said conveyance.

We think the evidence justified the finding of the jury and the court correctly overruled the motion for a new trial, hence the judgment is *affirmed*.

*Lindseys,* for appellants.

*Craddock,* for appellees.